[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an eminent domain proceeding concerning a property known as 237 Howard Street, New London, Connecticut (herein "the property"). On May 17, 2000, the Plaintiff filed a Statement of Compensation with the Superior Court at New London and deposited $130,000.00 with the clerk of the court. Thereafter a Certificate of Taking was recorded on the land records of the City of New London at volume 1158 page 051.
An Appeal and Application for Review of Statement of Compensation was filed on November 29, 2000 and the issues were joined as to the value of the property at the time of the taking.
A motion to dismiss the appeal for the reason that the appeal was not timely filed has been denied by Judge Hurley on 4/2/01 for reasons given.
Thereafter, the plaintiff filed an Answer and Special Defense claiming again that the Appeal was not timely taken. A subsequent Motion For Summary Judgement relating to this issue was denied by Judge Hurley on December 18, 2001, and the matter came before the undersigned for hearing on the issue of the value of the property on the date of the taking.
Both parties appeared by counsel on December 20, 2001, presented evidence and argument including the introduction of exhibits relating to their appraisal of the value of the property. At that time the parties stipulated that whatever testimony was produced by them before Judge Hurley would be "preserved" for consideration in connection with any future proceedings.
The plaintiff's witness gave an opinion that the value of the property was $130,000.00 at the time of the taking, which was the amount of the deposit with the clerk of the court at the time of the condemnation. The appraisal was based upon a determination by the appraiser of which of the many sales in the area were in his view comparable to the property.
The defendant's witness on the other hand gave an opinion, also based on the sales comparison approach, that the value at the time of the taking was $223,000. The significant difference in their resulting opinions followed from their selection of different comparable sales as appropriate to consider. During cross-examination of the defendant's witness it appeared he considered the buildings on the various properties to be important but found a gas station to be comparable to a multiple dwelling and also that an office building was comparable. Also the CT Page 610 witness was not able to view some of his "comparable" properties but relied upon records in the City Hall for his purposes. One of the other properties used by this witness was actually two parcels of property which he compared to the defendant's one parcel.
The court, having given consideration to the evidence, the arguments of counsel and their respective memoranda, finds the issues for the plaintiff City of New London and determines the value of the property at the time of the taking to be $130,000.00.
 ___________________ Leuba, J.